# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JIM SEAGO,<br><br>        Defendant. | No. CR05-0088<br><br>REPORT AND RECOMMENDATION |

This matter comes before the court pursuant to petitions for return of three firearms seized from the defendant in the spring of 2005 (Docket numbers 23, 27, 28 and 30). The court held an evidentiary hearing on each of these petitions at which the petitioners testified and were represented by Wallace Taylor. The government was represented by Assistant United States Attorney Martin McLaughlin. It is recommended that the petitions be denied.

## FINDINGS OF FACT

The firearms at issue in this case were seized from the defendant's residence in April 2005. Following the defendant's plea of guilty to Counts 1, 2, 3, and 4 of the Indictment, the government filed a motion for forfeiture of these firearms on December 2, 2005. A preliminary order of forfeiture was filed by the district court on December 7, 2005. The claimants thereafter filed petitions for return of seized property.

### Jesse Flockhart

Jesse Flockhart claims that he is the owner of the .410 gauge Pardner Express shotgun seized from the defendant. He testified that he purchased this shotgun at the Wal-Mart store in Tipton, Iowa, for approximately $100 before Christmas 2004. He was not a hunter at the time and had not taken a hunter's safety course. He testified that he

1

purchased the gun to pass it on to his children. He had no children at the time. He referred in his petition and in his testimony to shooting a very small number of "bullets" from this gun. However, as pointed out to the claimant on cross-examination, bullets are the ammunition that are fired from rifles, shells are the ammunition that are fired from shotguns.

Shortly after he claims to have purchased the firearm, claimant Jesse Flockhart moved in to the Seago residence to reside with the defendant's daughter. He lived there for approximately six weeks. When he moved out, he claims that he simply left the gun at the Seago residence.

When asked if he had any receipt or documentation as evidence of his ownership of the shotgun, the defendant testified that he had such papers and had given them to an unknown police officer on the Bear Creek task force. He claims that the officer assisted him in getting this paperwork but that Mr. Flockhart could no longer duplicate this paperwork.

### Vernon Duryee

Vernon Duryee is a lifelong friend of the defendant who claims ownership of the .20 gauge Remington model 870 Express shotgun with a deer slug barrel seized from the defendant in April 2005. He claimed to have purchased it at the Wal-Mart in Newton, Iowa, approximately ten years ago. He testified that he used it two to three years ago at the defendant's residence for deer hunting and simply forgot it at the residence. He never went back for the firearm despite the fact that he travels extensively.

Mr. Duryee has paperwork to evidence his ownership of other firearms but has none with respect to the firearm at issue. He stated that he called the Wal-Mart store in Newton, Iowa, the night before the hearing but was unable to acquire any documentation showing his purchase of this gun.

### Jerry Connor

Jerry Connor is another lifelong friend of the defendant who seeks return of a firearm, the .22 caliber pistol seized from the defendant's residence in April 2005.

In his petition, Mr. Connor claims that he purchased the firearm at a Dallas, Texas gun show in approximately 1992. He testified that he purchased it in 1993 while living in Texas. He stated that he would keep the firearm in Iowa because the defendant had a particularly nice place to shoot handguns and that he would go to Iowa from time-to-time to see the defendant and shoot the gun. In his testimony, the claimant could not remember the last time that he had used the gun.

This claimant also has no receipt or other paperwork showing his acquisition of the firearm. Mr. Connor owns six other firearms which he keeps at yet another individual's residence in Iowa. He testified that he kept his handgun at the defendant's residence because he travels extensively and did not want to carry a gun on the road.

## **CONCLUSIONS OF LAW**

The firearms at issue in these petitions are the subject of an order for criminal forfeiture. The criminal forfeiture was specifically set forth in the original indictment in this case. Pursuant to 21 U.S.C. § 853(a)(2), any of the defendant's property used in any manner or part to commit or facilitate the commission of an offense shall be forfeited to the United States.

Third-party interests are exclusively adjudicated pursuant to 21 U.S.C. § 853(n)(6). That provision states that if the petitioner has a legal right, title, or interest in the property that renders the preliminary order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to the right, title, or interest of the defendant at the time of the commission of acts which gave rise to the forfeiture of the property, the court shall amend the order of forfeiture in accordance with its determination.

It is the petitioner's burden to establish his right, title, or interest by a preponderance of the evidence. United States v. Nava, 404 F.3d 1119, 1125 (9th Cir. 2005). In this case, the firearms were found in the defendant's residence in proximity to other firearms and ammunition belonging to the defendant. The petitioners did absolutely

3

nothing to corroborate their testimony concerning their acquisition and ownership of these firearms.

Mr. Flockhart expressed an unusual reason for wanting to purchase a .410 gauge shotgun. He stated that he wanted to leave it to his children. He did not have children at the time, was not married, and had not taken a hunter's safety class. Even as of the time of his testimony, he knew so little about shotguns that he erroneously described their ammunition as "bullets." When he broke up with the defendant's daughter and moved out of their house, the gun stayed at the house. None of that makes sense to the court.

Mr. Duryee similarly cannot produce evidence of his purchase of this firearm despite the fact that he could do it for other firearms owned by him. He claims to have forgotten the shotgun at the defendant's residence years ago and never picked it up despite the fact that he travels extensively. By his own testimony, the petitioner sounded more like he had abandoned the gun than retained an interest in it.

Petitioner Jerry Connor also did nothing to corroborate his alleged ownership of the .22 caliber pistol at issue. He also claimed to have stored it at the defendant's residence despite the fact that his six other firearms were stored elsewhere. He could not even remember the last time he had seen or used the gun. The only reason that he expressed for having the gun in Iowa was that the defendant had a particularly good place to shoot it for target practice. While Iowa is indeed a nice place, it just does not seem like it is better than Texas or Oregon when it comes to .22 caliber target shooting.

This court is obviously skeptical of the petitioners' claims. Before returning potentially dangerous instrumentalities to the streets, the petitioners have a burden to meet. All of them suggest that it was just a coincidence that they happen to store their firearms with the defendant or fail to retrieve them when they left his residence. Given the unusual circumstances under which these guns were found at the defendant's residence, this court believes that it is incumbent upon the petitioners to show something to corroborate their testimony. In the absence of corroboration, this court does not believe that they have met their burden.

4

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the petitions for return of the firearms be denied.

October 4, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.